UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LEONARD DICKS,** individually, and on behalf of others similarly situated, | |
| Plaintiff, | Case No. |
| vs. | |
| **DEPLOYED DATA SOLUTIONS, LLC** and **MICHAEL FINNEGAN,** | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **LEONARD DICKS**, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, **BROWN, LLC**, and **THE ORLANDO FIRM, INC**., hereby brings this Collective Action Complaint against Defendant, **DEPLOYED DATA SOLUTIONS, LLC** and **MICHAEL FINNEGAN**, (hereinafter referred to as "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff brings this action, individually and as a collective action on behalf of all other Technicians, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and

attendant regulations at 29 C.F.R. §§ 516, *et seq*.

2.      Defendants employed Technicians, including Plaintiff, to install, maintain and repair cable lines for residential and commercial clients.

3.      Defendants classified its workforce as "independent contractors", using the title to evade paying overtime.

4.      As Technicians, Plaintiff worked over forty (40) hours in most weeks.

5.      Defendants violated the FLSA by paying Technicians their regular rate of pay for hours worked over forty (40) hours in a workweek, instead of paying time and a half.

6.      Defendants violated the FLSA by failing to pay Technicians for time spent travelling away from their homes that cut across their normal work hours. *See* 29 C.F.R. § 785.39 ("Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days. Regular meal period time is not counted.").

7.     Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C.

§ 216(b) of all Technicians employed by Defendants as hourly technicians for

relief for violation of the FLSA, as a collective action, defined as follows:

> *All Technicians who worked for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over Plaintiff's FLSA

claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal

question under 29 U.S.C. § 201, *et seq.*

9.     The Court has personal jurisdiction over Defendant Deployed Data

Solutions, LLC, because it is incorporated in the State of Georgia, has sufficient

minimum contacts in Georgia, and is registered with the Georgia Department of

the Secretary of State.

10.     The Court has personal jurisdiction over Defendant Michael Finnegan

because he resides in Georgia.

11.     Venue is proper in the Northern District of Georgia pursuant to 28

U.S.C. § 1391(b)(1) because Defendants resides in this district.

## PARTIES

### Defendant

12.     Defendant Deployed Data Solutions, LLC is a limited liability

company incorporated in the state of Georgia with its principal place address located at 249 N. 5th Ave, Rome, Georgia, 30165.

13.    According to its website (http://www.deployeddatasolutions.com/), Deployed Data Solutions, LLC, provides technical staff augmentation and support services to specialized sectors of the Telecommunications Industry.

14.    According to the Georgia Secretary of State, Deployed Data Solutions, LLC's designated agent for service of process is Pamela Finnegan, 60 Biddy Road, Rome, Georgia 30161.

15.    Defendant Michael Finnegan is an adult resident of Georgia who resides at 24 Biddy Road Southeast, Rome, Georgia 30161.

16.    Defendant Michael Finnegan is the owner and president of Deployed Data Solutions, LLC.

17.    Defendant Michael Finnegan exercised control over significant aspects of Deployed Data Solutions, LLC's day-to-day operations.

18.    Defendant Michael Finnegan exercised control over the compensation of Technicians including Plaintiff.

19.    Defendant Michael Finnegan personally hires and hires Technicians.

**<u>Plaintiff</u>**

20.    Plaintiff is a resident of Smithfield, North Carolina and signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

21.    Defendants employed Plaintiff as a Technician from approximately December 2012 to September 2018.

22.    Plaintiff's job duties as a Technician consisted of installing, repairing and inspecting cable lines in residential and commercial areas.

23.    Plaintiff was scheduled to work ten (10) to twelve (12) hours on most days without a lunch break.

24.    To the extent Defendants paid Plaintiff for work performed, it was at his regular hourly rate of $20, including for hours in excess of forty (40) in a workweek.

25.    Plaintiff did not receive any overtime premium pay for hours worked over 40.

## FACTUAL ALLEGATIONS

26.    Defendants are employers defined under 29 U.S.C. § 203(d) of the FLSA.

27.    Plaintiff and other Technicians were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

28.    Defendant Deployed Data Solutions, LLC is and continues to be "an enterprise engaged in commerce" within the meaning of the FLSA.

29.    Defendant Deployed Data Solutions, LLC has an annual gross business volume in excess of $500,000.

30.     Defendant Deployed Data Solutions, LLC had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

31.     Defendants "suffered or permitted" Plaintiff and other Technicians to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

32.     At all times, Plaintiff was an hourly-paid technician worker who performed duties that are not exempt from the FLSA's overtime requirements.

33.     Technicians' primary duties consisted of installing, repairing and inspecting cable lines in residential and commercial area.

34.     Technicians received an hourly rate of pay.

35.     Technicians were scheduled to work ten (10) to twelve (12) hours on most days without a lunch break.

36.     Technicians regularly worked over forty (40) hours per week.

37.     To the extent Defendants paid Technicians for work performed, it was at their regular hourly rates, including for hours in excess of forty (40) in a workweek.

38.     In the workweeks in which Defendants did pay Technicians for hours worked in excess of forty (40), they failed to pay them time-and-a-half of their regular rate of pay.

39.    For example, for the workweek of March 17, 2018 to March 23, 2018 Plaintiff worked over forty (40) hours; but all of the hours for which he was paid were compensated at his regular rate of $20.00 per hour.

40.    Defendants frequently required Technicians to take overnight trips to perform jobs that were a significant distance away from their homes.

41.    When taking overnight trips, Technicians would spend time driving during the same times of the day in which their normally installed, repaired and inspected cable lines.

42.    Defendants failed to pay Technicians for time spent travelling, including time spent travelling away from their homes that cut across their normal work hours, in violation of 29 C.F.R. § 785.39 ("Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days. Regular meal period time is not counted.").

43.    Defendants failed to pay Technicians any overtime premium at a rate

not less than one and one half (1.5) times of their regular rate of pay for hours worked overtime in excess of forty (40) hours in a workweek as required under the FLSA.

44.    Defendants' policies and practices deprived Technicians of a premium rate while working overtime as required under the FLSA.

45.    The United States Court of Appeals for the Eleventh Circuit has set forth an "economic realities test" to determine whether an independent contractor, in reality, is an employee subject to the FLSA. Criteria are:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1312 (11th Cir. 2013).

46.    Based on both of the foregoing standards, Defendants misclassified Plaintiff and other Technicians as independent contractors.

47.    Technicians did not sign a written agreement specifically classifying them as independent contractors.

48.    In addition, Plaintiff and other Technicians:

   a.  work hours that are set by Defendants;

b.  were paid by the hour at a set rate;

c.  are required to report to Defendants on a regular basis;

d.  received all assignments from Defendants;

e. were not required to provide any job specific equipment in their employment, because Defendants supplied the necessary tools and construction material for the job;

f.  have no significant investment in facilities or equipment;

g.  perform services that are an integral part of Defendants' business;

h.  did not hire additional workers to assist them;

i.  perform services that is in the usual course of the business such as repairing, installing and maintaining cables lines;

j.  have a continuing relationship with Defendants, not an occasional relationship;

k.  were economically dependent on Defendants;

l.  typically worked too many hours for Defendants to engage in significant employment elsewhere;

m. at any time could be terminated and was terminated by Defendants; and

n.  were unable to enhance/increase their wages.

49.    Defendants have maintained control, oversight, and day-to-day supervision over Plaintiff's and all other Technicians' work schedule, assignments, duties, and employment conditions including the promulgation and enforcement of policies affecting the payment of their overtime compensation.

50.     Defendants, directly hired Plaintiff and other Technicians and determined the rate and method of the payment of wages.

51.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments or bureau.

52.     Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding their failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current Technicians were subjected to the same wrongful policies, practices, and/or procedures.

## **COLLECTIVE ACTION ALLEGATIONS**

53.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

54.     Plaintiff asserts the foregoing violations not only individually, but collectively pursuant to 29 U.S.C. 216(b) on behalf of the FLSA Collective, defined as:

> *All Technicians who worked for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

10

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

55.     Members of the FLSA Collective are all improperly classified as independent contractors and exempt employees by Defendants.

56.     As a result of the foregoing policies, there were many weeks in which Defendants failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

57.     Plaintiff brings this Collective Action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

58.     With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

59.     The Collective Action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

60.     Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the putative members of the FLSA Collective permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

61.     The precise number and identities of Collective members should be readily available from a review of Defendants' personnel and payroll records.

62.     Defendants are aware that the FLSA applies to their business and they are required to adhere to the rules under the FLSA.

63.     Defendants' conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

64.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

65.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

66.     Plaintiff and the FLSA Collective members regularly worked in excess of forty (40) hours per workweek.

67.    Defendants classified Plaintiff and the FLSA Collective members as Independent Contractors.

68.    Defendants classified Plaintiff and the FLSA Collective members as exempt from overtime pay.

69.    Plaintiff and the FLSA Collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

70.    Defendants misclassified Plaintiff and the FLSA Collective members as independent contractors and therefore not exempt from overtime.

71.    As a result, Defendants failed to pay Plaintiff and the FLSA Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

72.    Defendants' failure to pay Plaintiff and other FLSA Collective members overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

73.    As a result of Defendants' uniform policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of proper overtime compensation earned, in such amounts to be determined at trial,

and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

74.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation pursuant to 29 U.S.C. § 255(a).

75.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**COUNT II**
**(29 U.S.C. § 216(b) Individual Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

76.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

77.     Plaintiff regularly worked in excess of forty (40) hours per workweek.

78.     Defendants classified Plaintiff as an independent contractor.

79.     Defendants classified Plaintiff as exempt from overtime.

80.     Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

81.     Defendants misclassified Plaintiff as an independent contractor and therefore not exempt from overtime.

82.     As a result, Defendants failed to compensate Plaintiff for overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for hours worked in excess of forty (40) per workweek, as required by the

FLSA.

83.     Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) An Order for injunctive relief ordering Defendants to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all putative FLSA collective;

(E) Authorizing Plaintiff's counsel to send notice(s) of this action to all putative FLSA Collective, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(F) Designating Lead Plaintiff as the representative of the FLSA Collective members in this action;

(G) Designating the undersigned counsel as counsel for the FLSA Collective members in this action;

(H) Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I) An incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective members in this action;

(J) Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

(K) Declaring Defendants violated the FLSA and that said violations were intentional, willfully oppressive, fraudulent and malicious;

(L) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA;

(M) Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective members may be entitled; and

(N) Awarding such other and further relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Plaintiff, Leonard Dicks, individually and on behalf of all other FLSA collective members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: October 18, 2018          By:  s/ Roger Orlando
                                      Roger Orlando (GA Bar ID #
                                      554295)
                                      THE ORLANDO FIRM, P.C.
                                      315 W. Ponce de Leon Avenue
                                      Suite 400
                                      Decatur, GA 30030
                                      T: (404) 373-1800
                                      F: (404) 373-6999
                                      roger@orlandofirm.com

                                      *Local Counsel for Plaintiff*

                                      Jason T. Brown
                                      Nicholas R. Conlon
                                      **BROWN, LLC**
                                      155 2nd St., Suite 4

Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*