UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LEONARD DICKS**, **GARY CUSTIS**, **ISREL MERANDA** and **LEONARD BONHOMME-DICKS,** individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> **DEPLOYED DATA SOLUTIONS, LLC** and **MICHAEL FINNEGAN,** <br><br> Defendants. | Case No.: 1:18-cv-04828-ELR <br><br><br> Honorable Eleanor L. Ross |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

Plaintiffs bring this action on behalf all other similarly situated Technicians against Defendants Deployed Data Solutions, LLC ("DDS") and Michael Finnegan ("Finnegan") for violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* Specifically, Plaintiffs allege, *inter alia*, that Defendants (1) improperly classified the Technicians as independent contractors, (2) failed to pay the Technicians for time spent travelling away from their homes that cut across their normal work hours, *see* 29 C.F.R. § 785.39, and (3) failed to pay the

Technicians at an overtime premium rate of not less than one and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) per week.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Defendants hired Technicians including Plaintiffs to install, maintain, repair and inspect cable lines for Defendants' clients such as Hargray Communications, ARRIS, Cox Communications, etc. in residential and commercial areas in a number of states.   The Technicians received an hourly rate of pay, were scheduled to work approximately ten (10) or more hours on most days, and worked over forty (40) hours in most weeks.   Defendants classified the Technicians as independent contractors, instead of as employees, and did not pay the Technicians any overtime premium for hours they worked over forty (40) per week.   Further, the Technicians were regularly required to take overnight trips to perform jobs that were distant from their homes, they would spend time driving during their normal working hours of the day that they normally installed, repaired and inspected cable lines, and they were not paid for such time spent traveling away from their homes that cut across their normal work hours. Defendant contend that the Plaintiffs always knew and performed as independent contractors and understood that this was in fact their relationship with DDS.   Furthermore, Defendant Finnegan was never in control of the Plaintiffs and any and all actions were on behalf of the LLC.

(c) The legal issues to be tried are as follows:

- Whether the Technicians were improperly classified as independent contractors or if in fact they are covered employees under the FLSA;

- Whether Defendants failed to pay Plaintiffs and the putative collective members overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours they worked over forty (40) per week; and

- Whether Defendant Finnegan is an employer under the FLSA.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

   None.

(2) Previously Adjudicated Related Cases:

   None.

**2.**    This case is complex because it possesses one or more of the features listed below (please check):

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
_____ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

The parties state that this case is not complex.

**3.  Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:    Jason T. Brown

Defendants: Jason B. Godwin for Defendant Deployed Data Solutions, LLC

John S. Husser for Defendant Michael Finnegan

**4.  Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_Yes  _X_  No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.  Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None at this time.

(b) The following persons are improperly joined as parties:

Defendant Finnegan states that he is improperly joined as a party. Plaintiffs maintain that Defendant Finnegan is an employer of the Technicians under the FLSA and is properly joined as a co-Defendant in this action.

(c) The names of the following parties are either inaccurately stated or

necessary portions of their names are omitted:

None at this time.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

The parties will comply with this requirement.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiffs filed an Amended Complaint as of right on January 14, 2019.

Subsequently, Defendants filed their respective motions under Rule 12(b)(6) to

dismiss the Amended Complaint.   Plaintiffs are to file their opposition briefs to

DDS's motion by January 31, 2019 and to Finnegan's motion by February 1, 2019.

Ift this Court rules for any of the Defendants, Plaintiffs reserve the right to request

leave to further amend the pleadings.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

Plaintiffs will move for conditional collective certification on or before March 1, 2019.

## 8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties will serve initial disclosures by January 30, 2019.

## 9.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

If Plaintiffs' motion for conditional certification is granted, the parties will apply to the Court for a plan for a representative discovery plan as to the conditionally-certified collective members.  The parties shall also apply to the Court for further instructions and deadlines for a decertification motion by

Defendant, if necessary, and for dispositive motions by the parties.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

The discovery period commences on January 30, 2019. Pursuant to the Court's Docket Entry No. 13, the discovery period presently ends on May 30, 2019.

Please state below the subjects on which discovery may be needed:

- The relationship between Defendants and the Technicians under the "Economic Realities" test;

- The Technicians work schedule and work hours;

- Total compensations received by the Technicians;

- Defendants' time and pay policies and records; and

- Defendant Finnegan's role, responsibility and involvement in the operation of DDS and the control over the Technicians.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

If Plaintiffs' motion for conditional certification is granted, the parties will apply to the Court for a plan for a representative discovery plan as to the conditionally-certified collective claims.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b) Is any party seeking discovery of electronically stored information?

___X___ Yes _____ No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have not discussed or identified the specific sources and scope of the production of ESI.   The parties reserve the right to seek discovery, or object to the nature and scope of discovery, as permitted by the Federal Rules of Civil Procedure.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g.,

paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

ESI, with the exception of SQL data, Excel files, or other spreadsheets, shall be produced in .pdf format unless otherwise agreed upon by the parties due to technical or other reasons. The reasonable costs of retrieving and reviewing ESI for production should be borne exclusively by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business, e.g., the data is on back-up tapes or archived in other long-term storage medium, or the data is deleted, shadowed, fragmented, or requires custom development to aggregate.

If the data sought (including the formatting and/or aggregating of such data) is not reasonably available in the ordinary course of business, the costs of retrieving and reviewing such requested electronic information shall be negotiated by the parties.   Cost-shifting should be considered only when electronic discovery imposes a demonstrated undue burden or expense on the responding party.   If the issue of the costs associated with the retrieval and review of such requested electronic information cannot be resolved by negotiation between the parties, any party may make application to the Court for a judicial determination.

The parties have not identified any disputes regarding the disclosure or discovery of ESI at this time.   The parties reserve the right to seek discovery, or

object to the nature and scope of discovery, as permitted by the Federal Rules of

Civil Procedure.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12.  Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

## 13. Settlement Potential:

**(a)** Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>January 16, 2019</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): Jason T. Brown
Ching-Yuan ("Tony") Teng

Other participants:

For defendant: Lead counsel (signature): Jason B. Godwin for DDS
John S. Husser for Finnegan
Other participants:

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel(__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

(d) The following specific problems have created a hindrance to settlement of this case.

The parties are open to settlement negotiations, but believe that the completion of some discovery and the disposition of Plaintiffs' motion for conditional collective certification under section 216(b) of the FLSA is necessary for the parties to appropriately assess their respective settlement positions. The parties will continue to evaluate the settlement prospects of this matter, and discuss the possibility of settlement as the case progresses.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

**Respectfully submitted,**

/s/Jason T. Brown
Jason T. Brown
Nicholas R. Conlon
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

Roger Orlando (GA Bar ID # 554295)
**THE ORLANDO FIRM, P.C.**
315 W. Ponce de Leon Avenue
Suite 400
Decatur, GA 30030
T: (404) 373-1800
F: (404) 373-6999
roger@orlandofirm.com

*Attorneys for Plaintiffs*

/s/ Jason B. Godwin
Jason B. Godwin
GA State Bar No.: 142226
**GODWIN LAW GROUP**
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093
(770) 448-9925
(770) 448-9958 – Fax
jgodwin@godwinlawgroup.com

*Attorneys for Defendant Deployed Data Solutions, LLC*

/s/ John S. Husser
John S. Husser
Georgia State Bar No.: 380190
**HUSSER & HUSSER, P.C.**
P.O. Box 1897
401 Broad Street, Suite 300
Rome, Georgia 30162-1897
(706) 802-0251
(706) 802-0252 – Facsimile
jhusser@bellsouth.net

*Attorneys for Defendant Michael Finnegan*

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of_____, 20____.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the forgoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jason T. Brown*
Jason T. Brown